UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

INTREPIDUS, LLC,
a member of Seductive Approach LLC, suing
in the right of SEDUCTIVE APPROACH LLC,

        Plaintiff,

  -v-                                       No. 15-Civ-7721-LTS-HBP

GLENN J. BIVINS and ERIC MONSE,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

In this action arising from the creation and alleged diversion of an Internet-based style and dating advice business, Plaintiff Intrepidus, LLC ("Intrepidus" or "Plaintiff"), suing as a member and on behalf of Seductive Approach LLC, asserts the following causes of action against Defendant Glenn J. Bivins ("Bivins")[1] (1) copyright infringement, (2) misappropriation, (3) conversion, (4) tortious interference, (5) declaratory judgment, (6) fraud, and (7) fraud in the inducement, in violation of both the Copyright Act and New York state law. Plaintiff asserts copyright infringement and declaratory judgment claims against Defendant Eric Monse ("Monse"). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 55(b)(2), for a default judgment against Bivins and Monse ("Defendants"). Plaintiff seeks a judgment on the merits

---

[1] The docket and filings refer to this Defendant as, interchangeably, both Glenn Bivins and Glenn Bivens. The Court will hereinafter refer to him as "Bivins."

against Defendants as to each of its causes of action. Defendants have not opposed the instant motion.

The Court has reviewed Plaintiff's submissions carefully and, for the following reasons, the motion for default judgment is granted in part and denied in part.

BACKGROUND[2]

This case arises from a business transaction between Bivins and Intrepidus for the joint creation of Seductive Approach, LLC ("Seductive Approach"). Seductive Approach "is a company that specializes in personal lifestyle development and enhancement with an emphasis on confidence, fashion and personal development, and a strong emphasis on dating techniques." (Am. Compl. ¶¶40-41; Seductive Approach Operating Agreement, Plaintiff's Brief Exhibit ("Pl. Ex.") E § 3.1 ("Operating Agreement").) Bivins, a "PUA (pick up artist)", presented Brian Engelbert with a business proposal in early 2012, and Engelbert agreed to be the financial backer for the proposal through, Intrepidus, a newly created company. (Am. Compl. ¶¶42-43.) Intrepidus provided $68,000, or 100% of the financial investment, and Bivins' contribution was to consist of his coaching expertise, ideas, intellectual property, and services. Bivins became the managing member and sole employee of the company and received an 85% ownership stake in Seductive Approach while Intrepidus received a 15% ownership stake. (Am. Compl. ¶¶44-47.)

Seductive Approach holds United States copyright registrations for the literary content of the Seductive Approach website, and for the literary works titled "Same Day Lays by

---

[2] The facts recited herein are drawn from Plaintiff's Amended Complaint ("Am. Compl.", Docket Entry No. 33), and submissions in connection with this motion practice. In light of Defendants' default, Plaintiff's well-pleaded factual allegations are deemed admitted for purposes of this motion practice. See Fed. R. Civ. P. 8(b)(6); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability.").

Glenn Pearce," "Banter Lines by Glenn Pearce," and "Six Biggest Fails by Glenn Pearce." The United States Copyright Office granted the copyright registrations in February and March of 2015. (Am. Compl. ¶¶129-32; Docket Entry No. 33, Seductive Approach Copyright Registrations, Pl. Ex. N ("Copyright Registrations").)

In or about April 2013, Engelbert approached Bivins with numerous concerns about his management of the company. (Am. Compl. ¶69.) Bivins then began creating a rival company, Attractive Approach, and converted Seductive Approach's property for use by the new company. (Am. Compl. ¶¶77-128.) Bivins converted the Seductive Approach website into the Attractive Approach website, using Seductive Approach funds for the change and costs of the new site. (Am. Compl. ¶¶94-99.) Bivins also used Seductive Approach assets to make payments for services rendered to Attractive Approach, his unrelated Glenn Jason Hair Design Business, his unincorporated business run through www.glennpua.com., and his personal attorney. (Am. Compl. ¶¶75, 128.) Bivins admitted that he took the Seductive Approach website and materials because he believed he would ultimately resolve any dispute with Intrepidus in a settlement. (Settlement Negotiation Emails, Pl. Ex. X. ("Settlement Emails").) Defendant Monse aided in the theft of Seductive Approach's intellectual property by advertising promotional material, which was comprised of Seductive Approach's intellectual property, on his website, while knowing that Bivins was stealing from Seductive Approach and Intrepidus. (Am. Compl. ¶¶113-14.)

The Attractive Approach website mirrored the Seductive Approach website and business plan in its offerings and Bivins promoted his new coaching service on websites run by Defendant Monse. (Am. Compl. ¶¶ 86-96, 123.) Bivins earned revenue from his coaching services that were promoted on the Attractive Approach website and from the sale of Seductive Approach products on Attractive Approach's website, as well as other websites. (Am. Compl.

¶¶117-28.)

Plaintiff alleges that Bivins knowingly and intentionally made false representations during the initial negotiations for the creation of Seductive Approach. Specifically, Intrepidus alleges that Bivins falsely claimed "he would transfer the intellectual property he had previously created for the PUA industry to Seductive Approach, would implement the copyright registrations for such works listing Seductive Approach as the rightful owner, and that Bivins' previously created intellectual property, as well as the intellectual property he created while working for ... Seductive Approach would be the sole and exclusive property of Seductive Approach." (Am. Compl. ¶164.) Plaintiff also alleges that, without these inducements, "there would be no reason for Engelbert to invest his monies through Intrepidus." (Am. Compl. ¶¶ 36-38.) Plaintiff further alleges that Bivins intended that Plaintiff would rely on these false statements when entering into the Operating Agreement and that Plaintiff did rely on such statements, resulting in harm and damages to Plaintiff. (Am. Compl. ¶¶164-69, 171-77.)

Plaintiff commenced this action by the filing of a complaint on Seductive Approach's behalf against Defendants Phillip Salsbury Schloss ("Schloss"), Bivins, The Salsbury Fortress, LLC ("Salsbury Fortress"), and Monse. On December 12, 2015, Plaintiff filed an Amended Complaint. (See generally Docket Entry Nos. 1 and 33.) Defendants filed a motion to dismiss on December 29, 2015. (Docket Entry No. 40.) On March 9, 2016, the Court granted defense counsel's motion to withdraw, and ordered Defendants to each file a notice of appearance by new counsel within 60 days. (Docket Entry No. 56.) On May 31, 2016, the Court endorsed Plaintiff's notice of voluntary dismissal with prejudice as against Salsbury Fortress and Schloss in light of the parties' settlement agreement. (Docket Entry No. 60.) On that same day, the Court renewed the 60-day period by which Defendants Bivins and Monse were required to file notices of

appearance by new counsel or pro se, directing that "[f]ailure to file such notice of appearance by August 7, 2016, will result in the striking as abandoned of the pending motion to dismiss the complaint and an entry of default against Defendants who have not appeared, and authorization of default judgment motion practice." (Docket Entry No. 59.) Bivins and Monse have neither filed notices of appearance, nor made any submissions, since their former attorney withdrew.

On August 16, 2016, the Court terminated Defendants' motion to dismiss as abandoned, directed the Clerk of Court to issue a certificate of default, and authorized Plaintiff to make a motion for default judgment. (Docket Entry No. 65.) The Clerk of Court issued a certificate of default on August 17, 2016 (Docket Entry No. 66), and on August 30, 2016, Plaintiff filed this motion for default judgment. (Docket Entry No. 69.)

DISCUSSION

Default Judgment Standard

In determining whether to grant a motion for default judgment, courts within this district first consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Indymac Bank, F.S.B. v. National Settlement Agency, Inc., 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (internal citation omitted); see also Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court grant of a default judgment). The Court finds that all three of the foregoing factors weigh in Intrepidus' favor.

Defendants' failure to make an appearance after their previous counsel withdrew and their failure to respond to Intrepidus' Motion for Default Judgment are indicative of willful

conduct.  See Indymac Bank, F.S.B., 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to a Complaint or Motion for Default Judgment indicates willful conduct.).  With respect to the second factor, because Defendants have failed to make a new appearance and their motion to dismiss was abandoned and stricken, there is no information before the Court indicating that Defendants have any meritorious defense to Intrepidus' claims.  Finally, the Court finds that Intrepidus will be prejudiced if it cannot seek relief for its claims in light of Defendants' default in this case, as the case has been pending since 2015.

Once the court finds that these factors favor the plaintiff, it must determine whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action.  See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability" except those relating to damages.  Greyhound Exhibitgroup, 973 F.2d at 158.  Thus, "[w]ithout a response from [the defendant, a] court must first determine whether the allegations in Plaintiff's complaint are sufficiently pleaded to establish [the defendant's] liability." Lenard v. Design Studio, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012).

*Intrepidus' First Cause of Action: Copyright Infringement*

Intrepidus, suing on behalf of Seductive Approach, asserts a claim for copyright infringement of Seductive Approach's website and products.  Plaintiff alleges that Bivins stole the Seductive Approach website, "Same Day Lays by Glenn Pearce," "Banter Lines by Glenn Pearce," and "Six Biggest Fails by Glenn Pearce," and used them for the benefit of his new company, Attractive Approach.  (Am. Compl. ¶¶ 129-32.)  Plaintiff further alleges that Monse aided in the theft of Seductive Approach's intellectual property by advertising promotional material, which was

comprised of Seductive Approach's intellectual property, on his website, while knowing that Bivins was stealing from Seductive Approach and Intrepidus. (Am. Compl. ¶¶113-14.) Intrepidus provides copyright registrations as evidence in support of its claim. (Am. Compl. ¶¶129-32; Docket Entry No. 33, Copyright Registrations.) Plaintiff seeks statutory damages and attorneys' fees under 17 U.S.C. § 504(c) of the Copyright Act and a permanent injunction under 17 U.S.C. § 502(a) of the Copyright Act in connection with these four alleged infringements.

"[I]n order to obtain statutory damages and attorney's fees, a plaintiff must have registered its copyright prior to the alleged infringement." Solid Oak Sketches, LLC v. 2K Games, Inc., 2016 WL 4126543 at *2 (S.D.N.Y. Aug. 16, 2016); see 17 U.S.C.S. § 412 (LexisNexis 2011); Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1012 (2d Cir. 1995). Intrepidus alleges that the copyright infringements began "in late April 2014 or early May 2014," when Bivins launched the Attractive Approach website, which contained much of the substance of Seductive Approach's website, including "Same Day Lays by Glenn Pearce," "Banter Lines by Glenn Pearce," and "Six Biggest Fails by Glenn Pearce." (Am. Compl. ¶¶ 15-18.) However, Seductive Approach's copyright registrations for the Seductive Approach website, "Same Day Lays by Glenn Pearce," "Banter Lines by Glenn Pearce," and "Six Biggest Fails by Glenn Pearce" did not become effective until late February and March of 2015. (Am. Compl. ¶¶129-32; Docket Entry No. 33, Copyright Registrations.) Because Seductive Approach did not "register[] its copyright prior to the alleged infringement," Plaintiff cannot recover statutory damages and attorneys' fees for copyright infringement. See Solid Oak Sketches, LLC, 2016 WL 4126543 at *2.

Plaintiff seeks a permanent injunction pursuant to 17 U.S.C. § 502(a) of the Copyright Act. Section 412 of Title 17 of the United States Code restricts a plaintiff's ability to recover statutory damages and attorneys' fees pursuant to sections 17 U.S.C. §§ 504 and 505, but it

does not prohibit a plaintiff from seeking injunctive relief for copyright infringement under section 502, even if the plaintiff did not register the work within the requisite period of time to recover statutory damages and attorneys' fees. See 17 U.S.C. § 412. The Court will, therefore, examine the sufficiency of Plaintiff's infringement case on the merits.

A demonstration of copyright infringement requires proof of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991). A certificate of copyright registration is prima facie evidence that a copyright is valid and of the facts stated in the certificate. Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997); 17 U.S.C. § 410(c). Here, Plaintiff has demonstrated that it has registered the copyrights and thus satisfies the first element of its copyright infringement claim. (Am. Compl. ¶¶129-32; Docket Entry No. 33, Copyright Registrations.) Plaintiff also pleads and proffers uncontroverted evidence, comprised of Bivins' testimony, screenshots of Monse's website, Approach Anxiety, which includes a reference to "Same Day Lays," and screenshots of the Attractive Approach website, of copying by Defendants of the original copyrighted works. (Am. Compl. ¶¶133-42; Pl. Exs. C, M, and Y.) Therefore, Plaintiff is entitled to prevail on its claim for copyright infringement.

To obtain an injunction, a plaintiff must show liability and the threat of continuing violation. Basic Books, Inc. v. Kinko's Graphics Corp., 758 F.Supp. 1522, 1542 (S.D.N.Y. 1991). Plaintiff has proven Bivins' and Monse's liability, as discussed above, and alleges continuing infringement by the Defendants. Defendants' continued distribution and/or display of the Seductive Approach e-books and website content is a continuing infringement sufficient to justify an injunction. (Am. Compl. ¶¶135, 138, 142.) The Court therefore grants Plaintiff's request for a permanent injunction barring Bivins and Monse from infringement of the Seductive Approach

Website, "Same Day Lays by Glenn Pearce," "Banter Lines by Glenn Pearce," and "Six Biggest Fails by Glenn Pearce."

Accordingly, Plaintiff's motion for a default judgment is granted with respect to the first cause of action insofar as it seeks permanent injunctive relief.

*Intrepidus' Second Cause of Action: Misappropriation*

Intrepidus asserts a claim against Bivins for misappropriation. "An unfair competition claim involving misappropriation usually concerns the taking and use of the plaintiff's property to compete against the plaintiff's own use of the same property." Roy Export Co. v. Columbia Broadcasting System, Inc., 672 F.2d 1095, 1105 (2d Cir. 1982) (citation omitted). Under the doctrine of corporate opportunity in New York, "corporate fiduciaries and employees cannot, without consent, divert and exploit for their own benefit any opportunity that should be deemed an asset of the corporation." Alexander & Alexander of N.Y. v. Fritzen, 147 A.D.2d 241, 246 (1st Dep't 1989). "New York common law allows a plaintiff to sue for unfair competition where a property right or a commercial advantage has been misappropriated." ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 165 (2d Cir. 2007) (internal citation omitted). "It has been broadly described as encompassing any form of commercial immorality, or simply as endeavoring to reap where one has not sown; it is taking the skill, expenditures and labors of a competitor, and misappropriati[ng] for the commercial advantage of one person ... a benefit or property right belonging to another." Roy Export Co., 672 F.2d at 1105 (internal citations and quotation marks omitted). "The essence of an unfair competition claim under New York law is that the defendant misappropriated the labors and expenditures of another." Saratoga Vichy Spring Co., Inc. v. Lehman, 625 F.2d 1037, 1044 (2d Cir. 1980). An unfair competition claim must also involve some

degree of bad faith.  Id.

Plaintiff has alleged and demonstrated through supplementary evidentiary proffers that Bivins exploited his position as managing and majority member, as well as employee, of Seductive Approach by misappropriating the company's capital, confidential information, coaching services, trade secrets, logo, copyrighted material, and other property.  (Am. Compl. ¶¶ 86-96.)  Plaintiff further alleges and demonstrates that Bivins did so for the benefit of his new company, Attractive Approach, a competitor of Seductive Approach.  (Id., inter alia.)  Bivins took Seductive Approach's property in order to compete directly against it by creating a new company.  Furthermore, Plaintiff's uncontroverted allegations and evidence indicate that Bivins did so in bad faith.

Plaintiff has pleaded sufficient facts, supported by evidence tendered in support of its motion for default judgment, to establish Bivins' liability with respect to Plaintiff's claim for misappropriation.  See Au Bon Pain Corp., 653 F.2d at 65.  The Court therefore grants Plaintiff's motion for default judgment with respect to the second cause of action.

*Intrepidus' Third Cause of Action: Conversion*

Plaintiff also asserts a cause of action against Bivins for conversion.  "Conversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession."  Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F.Supp. 117, 124 (S.D.N.Y. 1996) (citing Bankers Trust Co. v. Cerrato, Sweeney, Cohn, Stahl & Vaccaro, 187 A.D.2d 384, 385 (1st Dep't 1992)).  The "tort of conversion does not require defendant's knowledge that he is acting wrongfully, but merely an intent to exercise dominion or control over property in a manner inconsistent with the rights of another."  Fashions

Outlet of America, Inc. v. Maharaj, 1991 WL 143421, at *2 (S.D.N.Y. July 22, 1991) (internal quotations and citations omitted). "To sustain an action in conversion, the plaintiff must demonstrate legal ownership or an immediate superior right of possession to a specific identifiable thing." Id. (internal quotations and citations omitted).

Plaintiff alleges that Bivins took Seductive Approach's property, including website content, designs, logos, and other intellectual property, when he transferred the contents of the Seductive Approach website to the Attractive Approach website. (See, inter alia, Am. Compl. ¶¶77, 88, 107, 147, Pl. Exs. C at 287, J, and K.) Plaintiff also alleges that Bivins used Seductive Approach's financial assets to pay for services rendered to Attractive Approach, his unrelated Glenn Jason Hair Design Business, and his unincorporated business run through www.glennpua.com. (Am. Compl. ¶128.) This misconduct included Bivins' use of $11,800 from Seductive Approach's bank account to pay for Attractive Approach's website and use of additional funds from the Seductive Approach bank account to pay his personal attorney. (Am. Compl. ¶75.) Plaintiff proffers deposition testimony from Bivins in which he admits that he converted the property. (Pl. Ex. C at p. 297, lines 18-25 and p. 288, lines 1-22.)

Plaintiff's uncontroverted allegations and evidence demonstrate that Seductive Approach had legal title or superior right of possession over the Seductive Approach website, bank account and financial assets, design, logos, and other intellectual property. Bivins' use of these assets for his personal benefit and the benefit of entities other than Seductive Approach is an exercise of control "in a manner inconsistent with the rights of" Seductive Approach. See Rolls-Royce, 929 F.Supp. at 124; Fashions Outlet of America, Inc., 1991 WL 143421 at *2.

Plaintiff has pleaded sufficient facts, supported by evidence, to establish Bivins' liability for conversion. The Court therefore grants Plaintiff's motion for default judgment with

respect to the third cause of action.

*Intrepidus' Fourth Cause of Action: Tortious Interference*

Intrepidus alleges that Bivins tortiously interfered with Seductive Approach's business relationships. The Second Circuit has set forth factors a plaintiff must establish for a claim of tortious interference with a prospective economic advantage under New York law: "(1) that [he] had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." Friedman v. Coldwater Creek, Inc., 321 Fed. App'x 58 (2d Cir. 2009) (internal citations omitted).

Plaintiff's complaint and evidentiary proffers are insufficient to establish the first element of this cause of action. Intrepidus has not identified any relationships between Seductive Approach and any third party. Rather, Plaintiff refers generically to "relationships with third parties who intended to purchase 'Same Day Lays' and other intellectual property of Seductive Approach, as well as use Seductive Approach's services." (See Am. Compl. ¶151.) Plaintiff neither names a specific third party nor offers evidence of any existing business relationships with Seductive Approach. (Am. Compl. ¶¶152-55.)

Intrepidus' motion for default judgment with respect to its fourth cause of action is therefore denied.

*Intrepidus' Fifth Cause of Action: Declaratory Judgment*

Plaintiff seeks a declaratory judgment against Defendants Bivins and Monse with respect to the copyrighted materials in dispute. Plaintiff seeks a judgment declaring that (1)

Plaintiff is the rightful owner of the U.S. copyright registration nos. TX008029811, TX0008036360, TX0008036365, and TX0008036351; (2) Defendants' actions are unlawful and, specifically, that Defendants infringed and continue to infringe the Plaintiff's copyrights in violation of the Copyright Act; and (3) in accordance with such judgment, directing the United States Copyright Office to strike each one of the four copyright applications filed by Bivins on or about August 27, 2014, related to these registrations.

The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The "very purpose of the declaratory judgment procedure is to prevent the accrual of ... avoidable damages." American Machine & Metals v. DeBothezat Impeller Co., 166 F.2d 535, 536 (2d Cir. 1948). For declaratory judgment, a controversy must be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 325 (1936); Basic Books, Inc., 758 F.Supp. at 1543. The Second Circuit has held that "'[t]he two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' ... [I]f either of these objectives can be achieved the action should be entertained and the failure to do so error." Broadview Chemical Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir. 1969), cert. denied, 397 U.S. 1064 (1970) (quoting Borchard, Declaratory Judgments 294, 299 (2d ed. 1941)).

The Court grants Plaintiff's request in part and denies it in part. For the reasons explained above with respect to the first cause of action, the Court grants Plaintiff's request for a judgment declaring that (1) Plaintiff is the rightful owner of the U.S. copyright registration nos.

TX008029811, TX0008036360, TX0008036365, and TX0008036351; and (2) Defendants' actions are unlawful and, specifically, that Defendants infringed and continue to infringe the Plaintiff's copyrights in violation of the Copyright Act.

Plaintiff's conclusory request that the Court go beyond declaring Seductive Approach's rights in the intellectual property and issue an affirmative direction to the Copyright Office to strike applications that were allegedly filed by Bivins in 2014 is, however, denied. This denial of the request is without prejudice to future pursuit of such relief in an appropriate forum and upon an appropriate record.

*Intrepidus' Sixth and Seventh Causes of Action: Fraud and Fraud in the Inducement*

Intrepidus asserts claims against Bivins for fraud and fraud in the inducement. To prevail on a fraud claim under New York law, "a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 19 (2d Cir. 1996). New York law specifically recognizes a cause of action for fraud in the inducement when the misrepresentation is collateral to the contract it induced. See Wall v. CSX Transp., Inc., 471 F.3d 410 (2d Cir. 2006) and WIT Holding Corp. v. Klein, 282 A.D.2d 527, 528 (2d Dep't 2001).

Intrepidus lacks standing to assert the fraud claim pleaded in the Amended Complaint, which relates to the original decision to create Seductive Approach. Nor does the Amended Complaint even proffer facts supporting an inference that Bivins was lying from the outset of the negotiations that resulted in the creation of Seductive Approach. Plaintiff Intrepidus

brought this action on behalf of Seductive Approach, not on its own behalf. As pleaded, the fraud claim alleges that Engelbert or Intrepidus, and not Seductive Approach, was misled by Bivins during the negotiations that resulted in the creation of Seductive Approach. Seductive Approach, the entity that was created as a result of those negotiations, cannot assert fraud claims on behalf of Engelbert or Intrepidus.

Furthermore, Plaintiff's complaint and evidentiary proffers are insufficient to establish the first element of a fraud or fraud in the inducement claim. Plaintiff does not proffer facts supporting the bald assertion that Bivins was lying during those negotiations and, therefore, does not show that Bivins made a material false representation.

For the foregoing reasons, Plaintiff's motion for default judgment with respect to the sixth and seventh causes of action is denied.

## CONCLUSION

Plaintiff's request for injunctive relief on its copyright infringement cause of action is granted. Bivins and Monse, and all persons and entities acting in concert with them who are given notice of this order, are hereby permanently enjoined from using the works registered under copyright registration numbers TX008029811, TX0008036360, TX0008036365, and TX0008036351 in any way.

The Court hereby declares that Seductive Approach LLC is the sole rightful owner of the works registered under U.S. copyright registrations TX008029811, TX0008036360, TX0008036365, and TX0008036351, and that Defendants' actions described in the Amended Complaint constitute the unlawful infringement of Seductive Approach's rights in those works.

Plaintiff's motion for judgment in its favor on its conversion and misappropriation

causes of action is granted and the case is referred to Magistrate Judge Pitman for an inquest as to damages in connection with those causes of action. Plaintiff's counsel is directed to contact Judge Pitman's chambers to schedule proceedings.

Plaintiff's motion for judgment by default is denied, and the Amended Complaint is dismissed, in all other respects.

This Opinion and Order resolves Docket Entry No. 69.

SO ORDERED.

Dated: New York, New York
April 28, 2017

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge